UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DONNIE KAY SNEED,<br><br>    Petitioner,<br><br>v.<br><br>W. L. SULLIVAN, Warden,<br><br>    Respondent. | No. CV 19-7207-GW (PLA)<br><br>**ORDER SUMMARILY DISMISSING PETITION AS SECOND OR SUCCESSIVE** |

I.

## BACKGROUND

Donnie Kay Sneed ("petitioner") initiated this action on August 19, 2019, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2019 Petition" or "2019 Pet."). The 2019 Petition challenges his February 23, 2011, conviction in the Los Angeles County Superior Court, case number BA314300, for failing to register as a sex offender (Cal. Penal Code § 290). (2019 Pet. at 2). He is serving a sentence of twenty-five years to life. (Id.).

The Court observes that on October 29, 2014, petitioner challenged his 2011 conviction in a prior habeas petition ("2014 Petition" or "2014 Pet.") in this Court in case number CV 14-8386-GW (PLA) ("CV 14-8386"). The 2014 Petition was denied on the merits and judgment was

entered on March 29, 2017. (CV 14-8386, ECF Nos. 80, 81). A certificate of appealability was also denied. (CV 14-8386, ECF No. 82).

II.

## DISCUSSION

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2014 Petition, petitioner raised the following grounds for relief: (1) the trial court failed to re-advise petitioner of his right to counsel at his arraignment and at his re-arraignment; (2) the trial court denied petitioner his right to an impartial judge by failing to adequately address petitioner's complaint that he had not received discovery from the prosecutor regarding petitioner's history as a sex offender; (3) appellate counsel deprived petitioner of his right to effective assistance of counsel on appeal by failing to raise several claims that would have succeeded on appeal; and (4) the prosecutor violated his obligation to disclose exculpatory evidence to petitioner by withholding discovery pertaining to petitioner's history of registering as a sex offender. (Case

No. 14-8386, ECF No. 76 at 5). As mentioned above, case number CV 14-8386 was dismissed on the merits. (Case No. 14-8386, ECF Nos. 80, 81).

In the 2019 Petition, petitioner asserts one claim in which he alleges a Brady[1] violation, based on the "failure to give discovery of all evidence as to the visual surveillance of Los Angeles County Police Station and the visual surveillance of Huntington Park Parole Station and both locate [the] sign-in log book on Nov. 22, 2006, which would prove [petitioner] didn't do the allege[d] charge that was created on [him]." (2019 Pet. at 5).

Accordingly, because the 2014 Petition was denied on the merits, and the 2019 Petition raises a claim that was or could have been adjudicated on the merits in a previous petition, the 2019 Petition is considered to be a successive application. Petitioner does not contend that his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; and, it appears to the Court that even assuming that petitioner is seeking to present a new claim in the 2019 Petition, the factual predicate for that claim could have previously been discovered through the exercise of due diligence. Thus, the 2019 Petition is successive. However, even if the instant claim satisfied the exceptions found in 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B) (and it does not appear that petitioner has satisfied any of those provisions), petitioner **nevertheless is required to seek authorization from the Ninth Circuit before filing a successive petition**. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). There is no indication that petitioner has obtained such permission from the Ninth Circuit. It therefore appears that the Court is without jurisdiction to entertain the 2019 Petition under 28 U.S.C. § 2244(b). See

/
/
/
/

---

[1] Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

3

Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, denial of the 2019 Petition without prejudice as successive is appropriate.[2]

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that the 2019 Petition is denied without prejudice as successive and this action is dismissed.

DATED: August 23, 2019

/s/ George H. Wu
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.